William Jeffrey McDONOUGH,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A12–0640.

Supreme Court of Minnesota.

March 13, 2013.

William Jeffrey McDonough, Bayport, MN, pro se.

Lori Swanson, Attorney General, Saint Paul, MN; and John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, Saint Paul, MN, for respondent.

## OPINION

PAGE, Justice.

This is an appeal from the postconviction court's denial of appellant William Jeffrey McDonough's fifth petition for postconviction relief. On direct appeal, we affirmed his convictions for the first-degree murder of Reginald Rodgers and the attempted first-degree murder of Steven Crenshaw. *State v. McDonough*, 631 N.W.2d 373, 379 (Minn.2001). McDonough subsequently filed four separate petitions for postconviction relief, each of which was denied by the postconviction court. Because the

postconviction court properly denied the fifth petition, as amended, we affirm.

The facts and circumstances underlying McDonough's convictions are set out in some detail in our opinion affirming his convictions on direct appeal. *See id.* at 379–83. Those facts will be discussed in this opinion only to the extent necessary to resolve the issues raised in this appeal. In summary, on June 12, 1999, Steven Crenshaw and Reginald Rodgers drove to deliver marijuana to a friend. As Steven pulled the car into a driveway, a white Cadillac pulled up behind them. Steven heard Rodgers say that he thought McDonough drove a white Cadillac. A man exited the Cadillac and shot Steven and Rodgers. Steven lived, but Rodgers died. At trial, Steven testified that as he attempted to escape the shooting, he drove past the shooter, made eye contact with him, and immediately recognized the shooter as McDonough, whom Steven had known since elementary school.

In his fifth petition for postconviction relief, which was filed on June 27, 2011, McDonough argued to the postconviction court that: (1) he was entitled to relief based on newly discovered evidence of false testimony in the form of an affidavit from Donald Crenshaw, Steven Crenshaw's cousin, in which Donald asserts that Steven told him that Steven did not see the shooter and that the police coerced Steven into falsely testifying that he looked into McDonough's eyes as McDonough was shooting; and (2) that he was

also entitled to relief because the statute under which he was convicted requires legally inconsistent mental states and is therefore unconstitutional. The postconviction court held an evidentiary hearing, at which both Donald and Steven testified. Donald testified that Steven told him directly that Steven did not see the shooter. Donald testified that the conversation occurred at a family gathering at his aunt's home within six months of the June 1999 murder. Donald was unable to recall any additional details of the conversation. In contrast, in his testimony, Steven reaffirmed his trial testimony that McDonough was the shooter and denied making the statements to Donald alleged in Donald's affidavit.

In January 2012, after the evidentiary hearing but before the postconviction court issued its order, McDonough amended his fifth petition for postconviction relief to allege that Steven Crenshaw had told his brother, Eddie Crenshaw, "the same thing that he told" Donald Crenshaw, namely, that Steven did not see the shooter and that police coerced Steven into falsely testifying that he looked into the shooter's eyes. To support the amended allegation, McDonough submitted an affidavit from Eddie Crenshaw.

■ On February 15, 2012, the postconviction court denied McDonough's petition. Based on its finding that Steven Crenshaw did not testify falsely at trial, the court concluded that McDonough failed to satisfy the *Larrison*[1] test for newly discovered

---

1. We apply the three-prong *Larrison* test to claims of newly discovered evidence of false testimony. *Ferguson v. State,* 645 N.W.2d 437, 442 & n. 2 (Minn.2002) (citing *Larrison v. United States,* 24 F.2d 82, 87–88 (7th Cir. 1928)). The test provides that a petitioner is entitled to relief based on newly discovered evidence of false testimony under the following circumstances:

(1) the court must be reasonably well-satisfied that the trial testimony was false;

(2) without the false testimony, the jury might have reached a different conclusion; and (3) the petitioner was taken by surprise at trial or did not know of the falsity until after trial.

*Id.* (citing *Sutherlin v. State,* 574 N.W.2d 428, 433 (Minn.1998)). The first two prongs are compulsory, while the last prong is relevant

evidence of false testimony. Characterizing the January 2012 amendment to the fifth petition for postconviction relief as an "amended petition," the court summarily denied the "amended petition" as "a successive petition for similar relief" under Minn.Stat. § 590.04, subd. 3 (2012), because the allegations in the "amended petition" were based on the "alleged recantation of the same point of trial testimony by the same trial witness whose credibility was assessed" at the evidentiary hearing. Finally, the court concluded that McDonough's constitutional claim was, among other things, untimely.[2] For the reasons discussed below, we affirm the postconviction court's denial of relief.

■ We review the denial of postconviction relief for an abuse of discretion. *Buckingham v. State*, 799 N.W.2d 229, 231 (Minn.2011). The postconviction court's factual findings are reviewed for clear error, while questions of law are reviewed de novo. *State v. Hokanson*, 821 N.W.2d 340, 357 (Minn.2012).

■ Donald Crenshaw testified at the hearing that Steven Crenshaw's admission of false testimony took place at a family gathering shortly after the shooting, but the postconviction court found that Donald "was unable to provide further information regarding the circumstances and timing of this alleged admission of false testimony" made by Steven. As a result, the court found that the allegations of false testimony based on Donald's affidavit and hearing testimony were not credible. The court also found that at the evidentiary hearing, Steven not only denied recanting his trial testimony, he affirmed his trial testimony when he testified that McDonough was the shooter. The court found Steven to be a credible witness. After reviewing these findings, we conclude that they are not clearly erroneous. Based on the court's findings and the "considerable deference" we give to a postconviction court's credibility determinations, *Opsahl v. State*, 710 N.W.2d 776, 782 (Minn.2006), we conclude that the court did not abuse its discretion when it denied McDonough's claim of newly discovered evidence.

■ McDonough further argues that the postconviction court abused its discretion by failing to hold an evidentiary hearing regarding the facts alleged in the amendment to his fifth postconviction petition, which included Eddie Crenshaw's affidavit. We agree that the court mischaracterized the January 2011 amendment to the fifth postconviction petition as a separate "amended petition" that was subject to summary dismissal under Minn.Stat. § 590.04, subd. 3. Nonetheless, we affirm the court's summary denial of relief on other grounds.

■ A postconviction court "need not hold an evidentiary hearing when the petitioner alleges facts that, if true, are legally insufficient to entitle him to the requested relief." *Bobo v. State*, 820 N.W.2d 511, 516 (Minn.2012); *see also* Minn.Stat. § 590.04, subd. 1 (2012). In his affidavit, Eddie Crenshaw alleged that Steven Crenshaw had told him "the same thing that he told my cousin Donald Crenshaw," namely, that Steven did not see the shooter and that police coerced Steven into falsely testifying that he looked into the shooter's eyes. We conclude that the allegations in the January 2012 amendment were subject to summary dismissal under Minn.Stat. § 590.04,

---

but not a condition precedent to relief. *Opsahl v. State*, 710 N.W.2d 776, 782 (Minn. 2006).

2. Because the State failed to raise the timeliness of McDonough's claim of newly discovered evidence of false testimony, that issue is not before us.

subd. 1, because, even if proven, Eddie's allegations are legally insufficient to entitle McDonough to the relief requested. Having determined that Steven's postconviction testimony reaffirming his trial testimony was credible, the postconviction court in essence concluded that it was not reasonably well-satisfied that Steven's trial testimony was false. Given that conclusion, McDonough cannot satisfy the first prong of the *Larrison* test through the allegations in Eddie's affidavit. Therefore, the postconviction court was not required to hold an evidentiary hearing regarding the facts alleged in the amended petition for relief.

We now turn to McDonough's argument that the statute under which he was convicted, first-degree murder while committing a drive-by shooting as codified at Minn.Stat. § 609.185(a)(3) (2012), is unconstitutional because it requires inconsistent mental states. The State argued to the postconviction court and on appeal to us that McDonough's constitutional claim is barred under Minn.Stat. § 590.01, subd. 4(c) (2012). We agree. McDonough claims that he is entitled to relief under the interests-of-justice exception to the two-year time bar set out in Minn.Stat. § 590.01, subd. 4(b)(5). However, Minn. Stat. § 590.01, subd. 4(c), provides that "[a]ny petition invoking an exception provided in [Minn.Stat. § 590.01, subd. 4(b) ] must be filed within two years of the date the claim arises." A petitioner's claim under Minn. § 590.01, subd. 4(b)(5), arises when the petitioner "knew or should have known that he had a claim." *Sanchez v. State,* 816 N.W.2d 550, 560 (Minn.2012).

McDonough offers no reason why he did not know or have reason to know of his claim under Minn.Stat. § 590.01, subd. 4(b)(5), before June 27, 2009 (two years before he filed his fifth postconviction petition). Consequently, McDonough's claim that the statute under which he was convicted is unconstitutional is time-barred.

For the foregoing reasons, we affirm the postconviction court's denial of relief in all respects.

Affirmed.