STATE OF MINNESOTA

IN SUPREME COURT

A14-0312

Beltrami County                                                                      Stras, J.
                                                                Took no part, Wright, J.
Frank Duane Lussier, petitioner,

                                Appellant,

vs.                                                          Filed:  September 10, 2014
                                                            Office of Appellate Courts
State of Minnesota,

                                Respondent.
                    _____

Frank Duane Lussier, Rush City, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Timothy R. Faver, Beltrami County Attorney, Bemidji, Minnesota, for respondent.
                    _____

S Y L L A B U S

1.      The postconviction court did not abuse its discretion when it denied the
appellant's challenge to his guilty plea without an evidentiary hearing.

2.      The postconviction court did not abuse its discretion when it denied the
appellant's ineffective-assistance-of-postconviction-counsel claim without an evidentiary
hearing.

Affirmed.

Considered and decided by the court without oral argument.

STRAS, Justice.

Frank Duane Lussier appeals the postconviction court's denial of his second petition for postconviction relief. Because we conclude that each of the claims raised by Lussier is either procedurally barred or fails on the merits, we affirm.

I.

On March 17, 2003, Lussier stabbed and killed his wife, Sharlene. Lussier was charged by grand-jury indictment with, and pleaded guilty to, first-degree murder while committing domestic abuse, Minn. Stat. § 609.185(a)(6) (2012). As part of the factual basis for the plea, Lussier admitted that, during an argument with Sharlene and her daughter, he struck Sharlene at least once. According to Lussier, he then picked up a knife intending to take his own life, but instead unintentionally stabbed Sharlene during a struggle over the knife.

To supplement the factual basis for Lussier's guilty plea, the State moved to admit the grand-jury transcript. Lussier did not object and the district court granted the State's motion. The court then asked Lussier whether he agreed that, "if this had gone forward to trial[,] the witnesses at the trial would have testified much in accordance with the Grand Jury testimony?" Defense counsel stated that Lussier agreed with the court's statement, explaining that, although Lussier had not personally seen the grand-jury transcript, Lussier had reviewed the police reports. Counsel further stated that the two of them had discussed what the witnesses had seen, what they would say at trial, and how the testimony would affect Lussier's case. Finally, counsel read a statement from

Lussier, which essentially said that he did not mean to kill Sharlene and intended only to kill himself. The court accepted Lussier's guilty plea, convicted him, and sentenced him to life imprisonment with the possibility of release. Lussier did not file a direct appeal from his conviction or sentence.

In 2011, Lussier filed a pro se motion to withdraw his guilty plea, in which he asserted that enforcing his guilty plea was manifestly unjust because the plea was not accurate, intelligent, or voluntary. *See Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997); *see generally* Minn. R. Crim. P. 15.05, subd. 1 ("At any time the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice."). Several months later, with the assistance of counsel, Lussier supplemented his motion to withdraw his guilty plea by filing his first petition for postconviction relief. In the petition, he argued that neither the guilty-plea hearing nor the grand-jury transcript established a factual basis for finding "a past pattern of domestic abuse" or "an extreme indifference to human life"—two elements of first-degree murder while committing domestic abuse, *see* Minn. Stat. § 609.185(a)(6). According to Lussier, the plea was inadequate because "there was no on-the-record recitation of facts contained in the [plea-hearing] transcript that were relevant to the elements of the charged murder offense," and he never admitted or affirmed the facts from the grand-jury transcript.

The postconviction court denied relief and Lussier appealed. We affirmed the postconviction court's denial of Lussier's first petition and motion to withdraw his guilty plea. *Lussier v. State*, 821 N.W.2d 581, 590-91 (Minn. 2012). We concluded that

Lussier's claim failed on its substantive merits because the grand-jury transcript, which the district court properly admitted to supplement the factual basis for Lussier's guilty plea, was sufficient to support Lussier's conviction of first-degree murder while committing domestic abuse. *Id.* at 589.

Lussier then filed the present postconviction petition, his second, in which he alleged two claims. First, he restated his claim that his guilty plea was inaccurate.[1] Second, he claimed that the attorney who represented him on his first postconviction petition provided ineffective assistance of counsel by failing to request an evidentiary hearing.

The postconviction court denied Lussier's second petition without an evidentiary hearing. The court concluded that Lussier's renewed challenge to his guilty plea is procedurally barred because the claim had been previously raised and decided in his first petition for postconviction relief. The court also concluded that Lussier's ineffective-assistance-of-postconviction-counsel claim did not require an evidentiary hearing because the facts alleged in the petition were either undisputed or irrelevant. Specifically, the court explained that it was undisputed that (1) the claim in the first petition was whether the facts developed at the plea hearing established the elements of "an extreme indifference to human life" and "a past pattern of domestic abuse," and (2) postconviction

---

[1] Although the second petition did not itself discuss the accuracy of his guilty plea, Lussier's memorandum in support of the second petition discussed the alleged inaccuracy of his guilty plea at length. Because we must liberally construe postconviction petitions, *see* Minn. Stat. § 590.03 (2012), we construe Lussier's second petition, as did the district court, as including a renewed challenge to the accuracy of his guilty plea.

counsel did not request an evidentiary hearing on that claim. The court further explained that any factual dispute regarding whether Lussier intended to kill his wife was irrelevant to the accuracy of his guilty plea because an extreme indifference to human life, not an intent to kill, was required for the charged offense. Based on the undisputed facts, the postconviction court denied Lussier's ineffective-assistance-of-postconviction-counsel claim because Lussier could not show that postconviction counsel had performed unreasonably or that counsel's performance had prejudiced him.

On appeal, Lussier argues that the postconviction court abused its discretion when it denied his second petition for postconviction relief without an evidentiary hearing. *See Reed v. State*, 793 N.W.2d 725, 729 (Minn. 2010) (reviewing the denial of postconviction relief for an abuse of discretion). He therefore asks us to remand to the postconviction court with instructions to hold an evidentiary hearing. For the reasons that follow, we conclude that the postconviction court did not abuse its discretion.

II.

The first question presented by this case is whether the postconviction court abused its discretion when it concluded that Lussier's challenge to his guilty plea is procedurally barred.

In *State v. Knaffla*, we held that, once a direct appeal has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). We have extended the *Knaffla* rule to claims that were, or should have been,

raised in a previous postconviction petition.[2] *Jones v. State*, 671 N.W.2d 743, 746 (Minn. 2003).

In his second petition for postconviction relief, Lussier claimed that his guilty plea was inaccurate because it lacked an adequate factual basis. There is no dispute that Lussier raised an identical claim in his first postconviction petition. *Lussier*, 821 N.W.2d 583. As a result, Lussier's claim is "undoubtedly *Knaffla*-barred because we expressly considered and rejected [an] identical argument[]," *Buckingham v. State*, 799 N.W.2d 229, 232 (Minn. 2011), in an appeal from the denial of Lussier's first postconviction petition. *See Jones*, 671 N.W.2d at 746 (holding that all matters raised in a previous postconviction petition, and all claims known but not raised, will not be considered in a subsequent petition for postconviction relief). Accordingly, because the *Knaffla* rule applies, the postconviction court did not abuse its discretion when it denied the petition without an evidentiary hearing based on its conclusion that Lussier's guilty-plea claim is procedurally barred.

### III.

The second question presented by this case is whether the postconviction court abused its discretion when it summarily denied Lussier's claim that postconviction

---

[2] Because this issue was previously raised in Lussier's first postconviction petition, we need not consider the *Knaffla* exceptions, *see Buckingham v. State*, 799 N.W.2d 229, 232 (Minn. 2011) (concluding that an issue previously raised and decided was *Knaffla*-barred without addressing the exceptions), or the effect, if any, of the 2005 amendments to the postconviction statute on *Knaffla* and its exceptions. *See Hooper v. State*, 838 N.W.2d 775, 787 n.2 (Minn. 2013) (declining to decide what effect, if any, the 2005 amendments had on the *Knaffla* rule and its exceptions).

counsel provided ineffective assistance by failing to request an evidentiary hearing in connection with his first petition.[3] According to Lussier, his postconviction attorney should have requested an evidentiary hearing because there were material facts in dispute. In addressing Lussier's argument, we address questions of law de novo, review the postconviction court's factual findings for clear error, and evaluate the postconviction court's ultimate decision to deny relief for an abuse of discretion. *See McDonough v. State*, 827 N.W.2d 423, 426 (Minn. 2013).

In his first postconviction petition, Lussier claimed that his guilty plea lacked an adequate factual basis on the "past pattern of domestic abuse" and "extreme indifference to human life" elements of the charged offense. Lussier's postconviction counsel did not request an evidentiary hearing. In his second postconviction petition, Lussier contends that the decision not to request an evidentiary hearing constituted ineffective assistance of counsel because there were material facts in dispute with respect to the accuracy of his plea. More specifically, he contends that there was a factual dispute regarding whether he "intended to hurt anyone but himself."

A postconviction court is "required to hold an evidentiary hearing and make findings of fact and conclusions of law '[u]nless the petition and the files and records of

---

[3] Because Lussier did not file a direct appeal, he had a constitutional right to the assistance of counsel during his first postconviction proceeding. *See Deegan v. State*, 711 N.W.2d 89, 98 (Minn. 2006) ("We hold that a defendant's right to the assistance of counsel under Article I, section 6 of the Minnesota Constitution extends to one review of a criminal conviction, whether by direct appeal or a first review by postconviction proceeding.").

the proceedings conclusively show that the petitioner is entitled to no relief.' " *Davis v. State*, 784 N.W.2d 387, 392 (Minn. 2010) (alteration in original) (quoting Minn. Stat. § 590.04, subd. 1 (2012)). Accordingly, an "evidentiary hearing is unnecessary if the petitioner fails to allege facts that are sufficient to entitle him or her to the relief requested." *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007) (citing *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn. 1990)). To be entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claim, therefore, Lussier must have "alleged facts that, if proven by a fair preponderance of the evidence, would satisfy the two-prong test announced in *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." *Bobo v. State*, 820 N.W.2d 511, 516 (Minn. 2012).

To prevail under *Strickland*, Lussier must show that (1) his postconviction counsel's representation "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694; *see also Reed*, 793 N.W.2d at 733. We may analyze the *Strickland* requirements in either order and may dispose of a claim on one prong without considering the other. *Jackson v. State*, 817 N.W.2d 717, 722 (Minn. 2012).

Lussier has not alleged facts that could satisfy the second prong of *Strickland*. In order to prove his claim, Lussier would need to show a reasonable probability that, but for the error made by counsel, the result would have been different. *See Fields v. State*, 733 N.W.2d 465, 468 (Minn. 2007). As the postconviction court observed, any facts in dispute during Lussier's first postconviction proceeding—including, in particular,

whether he intended to kill Sharlene—were immaterial to his claim that his guilty plea was defective, so he would not have been entitled to an evidentiary hearing even if his attorney had requested one.

When determining whether a guilty plea has an adequate factual basis, we examine whether there are "sufficient facts *on the record* to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Kelsey v. State*, 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974) (emphasis added). "[I]f *the record* contains a showing that there is credible evidence available which would support a jury verdict that defendant is guilty of at least as great a crime as that to which he pled guilty," then the factual basis for the guilty plea is adequate. *State v. Genereux*, 272 N.W.2d 33, 34 (Minn. 1978) (emphasis added).

In this case, the only facts material to Lussier's claim that his plea lacked an adequate factual basis were the facts established by, and contained within, the record itself, including the grand-jury transcript and the transcript of the plea hearing. Even if postconviction counsel had requested and received an evidentiary hearing and shown that Lussier did not intend to kill Sharlene, establishing such a fact would have been irrelevant to any decision on the question presented in his first postconviction petition: whether the factual basis for his plea was adequate. In other words, an evidentiary hearing, even if one had been obtained, could not have changed the result of the proceeding because the facts relevant to his guilty-plea claim were undisputed and already in the record. Accordingly, the postconviction court did not abuse its discretion when it summarily denied Lussier's ineffective-assistance-of-postconviction-counsel

claim because the petition and the files and records of the proceedings conclusively show that Lussier was not entitled to relief.

## IV.

For the foregoing reasons, we affirm the postconviction court's denial of Lussier's petition for postconviction relief.

Affirmed.

WRIGHT, J., took no part in the consideration or decision of this case.