*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1032**

State of Minnesota,
Respondent,

vs.

Gary Lee Burnett,
Appellant.

**Filed February 2, 2015
Affirmed
Smith, Judge**

Mille Lacs County District Court
File No. 48-CR-10-2092

Lori Swanson, Attorney General, Michael T. Everson, Assistant Attorney General, St. Paul, Minnesota; and

Janice S. Jude, Mille Lacs County Attorney, Milaca, Minnesota (for respondent)

Jill A. Brisbois, Eric L. Newmark, Newmark Law Office, LLC, Minneapolis, Minnesota; and

Cathryn Middlebrook, Chief Appellate Public Defender, Bridget Kearns Sabo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Smith, Presiding Judge; Ross, Judge; and Schellhas, Judge.

**SMITH**, Judge

We affirm the district court's denial of appellant's petition for postconviction relief because its factual finding that appellant was able to hear adequately during his trial is not clearly erroneous.

## FACTS

Appellant Gary Lee Burnett suffers from a hearing-loss condition that allows him to hear about 60% of what goes on around him. He does not know sign language, but he is able to read lips.

In September 2010, the state charged Burnett with two counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. Before trial, he informed the district court that the hearing-assistance devices provided by the court did not work for him, and he moved the district court to allow a friend to sit with him and assist him by taking notes and answering his questions. The friend was not trained or certified as an interpreter. The district court granted the motion, and it also instructed Burnett to inform the court if he was unable to hear or understand anything as the trial progressed.

The jury was unable to reach a verdict, and the district court declared a mistrial. Before his second trial, Burnett again requested that the district court allow his friend to assist him, and the district court again granted his request. The jury found Burnett guilty of one count of first-degree criminal sexual conduct and both counts of second-degree

criminal sexual conduct. The district court sentenced Burnett to 156 months' incarceration.

In January 2014, Burnett petitioned for postconviction relief, arguing that the district court's failure to provide a qualified interpreter denied him a fair trial. The district court convened a hearing in March 2014. Burnett testified that he had been unable to use the court-provided headphone system because it interfered with his lip-reading. He stated that, during his trial, he had to sit in a position where he could read the notes written by his friend, but "that put [him] out of reach from everybody," impeding his ability to participate in the proceedings. Burnett estimated that he had understood only 50% to 60% of the words spoken during his trial. He opined that a closed-captioning system would have been more helpful. He stated that he had not requested one because he had not known it was available. Burnett admitted, however, that he had never told the district court or his attorney during his trial that he was unable to aid in his defense. He also admitted that the district court had complied with his requests to reposition the podium to facilitate his efforts to understand the questioning of witnesses.

The postconviction court denied Burnett's petition. It found that Burnett's claim that he was able to understand only 50% to 60% of his trial proceedings was not credible, noting that Burnett had lied during his first trial about his military experience and that he had been able to understand and answer questions during both trials without difficulty.

Burnett argues that the district court erred by denying his petition for postconviction relief because his inability to hear during his second trial denied him his constitutional right to a fair trial. When reviewing a district court's denial of postconviction relief, "we address questions of law de novo, review the postconviction court's factual findings for clear error, and evaluate the postconviction court's ultimate decision to deny relief for an abuse of discretion." *Lussier v. State*, 853 N.W.2d 149, 153 (Minn. 2014).

Minnesota state policy requires that "persons disabled in communication" be given assistance by "qualified interpreters" when they are otherwise "incapable of presenting or assisting in the presentation of a defense." Minn. Stat. §§ 611.30, .31 (2012).[1] We normally review a district court's determination of how to accommodate a defendant's communication disability under an abuse-of-discretion standard. *State v. Cham*, 680 N.W.2d 121, 126 (Minn. App. 2004), *review denied* (Minn. July 20, 2004)).[2] But when a party asks the district court to take an action that the party then alleges on appeal to be

---

[1] Burnett assumes that sections 611.30 and 611.31 govern the provision of a closed-captioning system. But since these sections relate to the appointment of "qualified interpreters," it is unclear whether a technological device such as a closed-captioning system is within their scope. And since Burnett does not understand sign language, it is unclear what interpreter could have been provided to him under these sections. Nonetheless, for purposes of addressing Burnett's argument, we assume without deciding that a request for a closed-captioning system is within the scope of sections 611.30 and 611.31.

[2] In his brief, Burnett asserts that the district court bears a burden to find the best possible mechanism to address a defendant's hearing disability. But *Cham* does not state the burden that Burnett asserts, and Burnett cites no authority requiring district courts to override a defendant's own requested accommodation or to inform a defendant of all possible alternative accommodations before acceding to a defendant's request.

erroneous, we review only for plain error, determining whether there was error, whether the error was plain, and whether the error affected the appellant's substantial rights. *State v. Carridine*, 812 N.W.2d 130, 142 (Minn. 2012). When these three criteria are met, we consider whether reversal is necessary "to ensure fairness and the integrity of the judicial proceedings." *Id.* (quotation omitted).

Burnett requested the accommodation that he now challenges as inadequate, so plain-error review applies. Under plain-error review, an appellant bears the burden to show that an alleged error affected his substantial rights. *State v. Goelz*, 743 N.W.2d 249, 258 (Minn. 2007). When determining whether a purported error affected substantial rights, "we ask whether the error was prejudicial and affected the outcome of the case." *Carridine*, 812 N.W.2d at 142.

Burnett identifies no prejudice resulting from the district court's acquiescence to his requested accommodation. Burnett identifies no specific instance during his trial where he was unable to understand the proceedings or participate in his own defense. He admitted that the district court complied with his requests to reposition the podium to allow him to read lips, when necessary. The district court found that his claim that he was unable to understand 40% to 50% of the proceedings was not credible, and we defer to its credibility determinations. *See State v. Losh*, 694 N.W.2d 98, 102 (Minn. App. 2005), *aff'd*, 721 N.W.2d 886 (Minn. 2006). The district court also found that Burnett was able to understand his trial proceedings because Burnett did not inform the district court of any problems understanding and because he was able to respond to the prosecutor's and the district court's questions. Apart from Burnett's own belated

5

testimony at his postconviction hearing, no evidence in the record indicates that he had any problems understanding his trial proceedings, so the district court's finding is not clearly erroneous. Because the record supports the finding that Burnett was able to understand the trial proceedings and participate in his own defense, he was not entitled to an interpreter. *Cf. State v. Kail*, 760 N.W.2d 16, 19 (Minn. App. 2009) ("One who fully understands the arrest and postarrest implied consent proceeding despite having hearing and speech deficiencies is not a 'person disabled in communication' and is therefore not entitled to an interpreter." (quoting Minn. Stat. § 611.31)). We therefore conclude that the district court did not abuse its discretion by denying Burnett's petition for postconviction relief.

**Affirmed.**