*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0380**

Darwin Ray Battle-Bey, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 9, 2015
Affirmed
Reilly, Judge**

Ramsey County District Court
File No. 62-CR-91-02843

Darwin Ray Battle-Bey, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Schellhas, Judge; and Minge, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## UNPUBLISHED OPINION

**REILLY**, Judge

Appellant contests the denial of his motion for sentence correction under Minn. R. Crim. P. 27.03, subd. 9. He challenges his two 1992 convictions of second-degree murder and his sentence of 480 months. We affirm.

## FACTS

Appellant Darwin Ray Battle-Bey was convicted of two counts of second-degree murder in 1992. The district court imposed one sentence of 480 months, which was an upward durational departure from the presumptive sentence under the Minnesota Sentencing Guidelines and the statutory-maximum sentence for second-degree murder. Battle-Bey appealed his convictions and sentence, and we affirmed. *See State v. Battle*, No. C6-92-1076, 1993 WL 121269 (Minn. App. Apr. 20, 1993), *review denied* (Minn. May 20, 1993). Battle-Bey filed a postconviction petition in 1996 that was denied by the district court, and his appeal to this court was dismissed as untimely. *See Battle v. State*, No. C8-96-2383 (Minn. App. Jan. 8, 1997) (order). He filed a second postconviction petition in 2005 that was also denied by the district court, and we affirmed on appeal. *See Battle-Bey v. State*, No. A06-1258 (Minn. App. Aug. 14, 2007), *review denied* (Minn. Nov. 13, 2007).

In 2014, Battle-Bey filed a motion for sentence correction under Minn. R. Crim. P. 27.03, subd. 9, arguing that his sentence was not authorized by law. The district court construed the motion as a postconviction petition and denied relief after determining that all of Battle-Bey's arguments were either barred or without merit. This appeal follows.

**D E C I S I O N**

"The court may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. A denial of a motion to correct a sentence is reviewed for an abuse of discretion, and "[a] court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Ouk v. State*, 847 N.W.2d 698, 701 (Minn. 2014) (quotation omitted). "[C]ourts in some circumstances have the authority to treat a request to correct a sentence purportedly brought under Rule 27.03 as a petition for postconviction relief." *State v. Coles*, 862 N.W.2d 477, 480 (Minn. 2015).

A person who claims that his conviction or sentence violates his rights or the law may file a postconviction petition. Minn. Stat. § 590.01, subd. 1 (2014). A district court must hold a hearing on a postconviction petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). But the petition may not be filed more than two years after an appellate court's disposition of a direct appeal. Minn. Stat. § 590.01, subd. 4(a)(2) (2014); *see also* 2005 Minn. Laws ch. 136, art. 14, § 13, at 1097-98 (stating that the time bar in section 590.01, subdivision 4(a), became effective on August 1, 2005, and that "[a]ny person whose conviction became final before August 1, 2005, shall have two years after the effective date . . . to file a petition for postconviction relief"). And a petition filed "after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1; *see State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)

(stating that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief"); *see also Lussier v. State*, 853 N.W.2d 149, 152 (Minn. 2014) (stating that *Knaffla*'s procedural bar has been "extended . . . to claims that were, or should have been, raised in a previous postconviction petition"). A denial of postconviction relief and a hearing is reviewed for an abuse of discretion. *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014).

Battle-Bey argues that his criminal-history score was miscalculated for sentencing. "[A] sentence based on an incorrect criminal history score is an illegal sentence" that is correctable at any time under rule 27.03, subdivision 9. *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007) (stating that "a defendant may not waive review of his criminal history score calculation"). A motion brought under rule 27.03, subdivision 9, to challenge the accuracy of a criminal-history score is not subject to the postconviction time or procedural bars. *See Vazquez v. State*, 822 N.W.2d 313, 314-15 (Minn. App. 2012).

Battle-Bey argues that the district court erred by adding two points to his criminal-history score for his 1978 conviction of attempted second-degree murder. The applicable version of the sentencing guidelines is the version that was in effect when Battle-Bey committed the two crimes of second-degree murder in 1991. *See* Minn. Sent. Guidelines 3.G.1 (2014) (stating that modifications to the sentencing guidelines apply "to offenders whose date of offense is on or after the specified modification effective date"); Minn. Sent. Guidelines III.F (1990) (same). Attempted second-degree murder was a severity-

level-ten offense when Battle-Bey committed the crimes of second-degree murder in 1990. *See* Minn. Sent. Guidelines II.G (Supp. 1991) (stating that the presumptive sentence for an attempted offense is determined by looking at the grid cell for the offender's criminal-history score and "the severity level of the completed or intended offense" and dividing the duration in half); Minn. Sent. Guidelines IV, V (Supp. 1991) (stating that second-degree intentional murder is a severity-level-ten offense); *see also* Minn. Sent. Guidelines cmt. II.B.101 (1990) ("The appropriate severity level shall be based on the severity level ranking of the prior offense of conviction that is in effect at the time the offender commits the current offense."). Based on the 1990 sentencing guidelines, the 1978 conviction was properly assigned two criminal-history points. *See* Minn. Sent. Guidelines II.B.1.a (1990) (stating that prior convictions of severity-level-ten offenses are assigned two points for the purpose of determining a criminal-history score). And it was proper for the district court to consider the 1978 conviction when calculating Battle-Bey's criminal-history score. *See* Minn. Sent. Guidelines II.B.1.e (1990) ("Prior felony sentences . . . following felony convictions will not be used in computing the criminal history score if a period of fifteen years has elapsed since the date of discharge from or expiration of the sentence, to the date of the current offense.").

Battle-Bey also argues that the district court erred when adding points to his criminal-history score for his two 1981 federal bank-robbery convictions. Battle-Bey was convicted of aiding and abetting armed bank robbery and of aiding and abetting use of force and violence to rob a bank. "[C]onvictions from other jurisdictions must, in fairness, be considered in the computation of an offender's criminal history index score."

Minn. Sent. Guidelines cmt. II.B.502 (1990). "[T]he sentencing court, in its discretion, should make the final determination as to the weight accorded foreign convictions. In so doing, sentencing courts should consider the nature and definition of the foreign offense, as well as the sentence received by the offender." Minn. Sent. Guidelines cmt. II.B.504 (1990). The district court acted within its discretion by equating aiding and abetting armed bank robbery with aggravated robbery and by adding 1.5 points to Battle-Bey's criminal-history score for that federal conviction. *See* Minn. Sent. Guidelines II.B.1.a (stating that prior convictions of severity-level-seven offenses are assigned 1.5 points for the purpose of determining a criminal-history score); Minn. Sent. Guidelines IV, V (stating that aggravated robbery is a severity-level-seven offense). The district court also acted within its discretion by granting Battle-Bey's request at the sentencing hearing to equate aiding and abetting use of force and violence to rob a bank with simple robbery and by adding one point to his criminal-history score for that federal conviction. *See* Minn. Sent. Guidelines II.B.1.a (stating that prior convictions of severity-level-five offenses are assigned one point for the purpose of determining a criminal-history score); Minn. Sent. Guidelines IV, V (stating that simple robbery is a severity-level-five offense).

Battle-Bey contends that the district court erred by using partial points when calculating his criminal-history score. Partial points may be considered when adding the components of a criminal-history score, but a total for a criminal-history score is rounded down so as not to include partial points. *See* Minn. Sent. Guidelines II.B.1.a (awarding partial points for prior convictions of offenses of severity levels one, two, six, and seven);

6

Minn. Sent. Guidelines cmt. II.B.101 ("No partial points are given . . . . For example, an offender with a total weight of 2 1/2 would have 2 felony points."). Two points for Battle-Bey's 1978 conviction, 2.5 points for his 1981 convictions, and one custody-status point totaled 5.5 points, which was rounded down at sentencing for a criminal-history score of five. Battle-Bey's criminal-history score was correctly calculated based on the law in effect when the crimes of second-degree murder were committed.

Battle-Bey challenges the district court's justification for imposing an upward-departure sentence. This issue was raised and decided on direct appeal. *See Battle*, 1993 WL 121269, at \*3 ("The upward durational departure is supported by the nature of the offense and Battle's prior felony with victim injury."). Battle-Bey also challenges his two convictions of second-degree murder when there was one victim. It is not proper to use rule 27.03, subdivision 9, to challenge a conviction, *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011), and this issue could have been raised on direct appeal, in a prior postconviction petition, and within two years of August 1, 2005. These challenges are procedurally barred and time barred.

Because Battle-Bey's arguments on appeal are without merit, the district court did not abuse its discretion by denying relief and by declining to hold a hearing.

**Affirmed.**

7