*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0191**

LaQuinn Jamul Williams, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 29, 2016
Affirmed
Jesson, Judge**

Ramsey County District Court
File No. 62-CR-12-9837

LaQuinn Jamul Williams, Stillwater, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Reyes, Judge; and Jesson, Judge.

**UNPUBLISHED OPINION**

**JESSON**, Judge

In this postconviction appeal, appellant LaQuinn Williams challenges the district court's summary denial of his ineffective-assistance-of-counsel claims. Because the district court did not abuse its discretion by denying Williams's claims, we affirm.

**FACTS**

In December of 2012, Williams went to an apartment complex to pick up his son. His ex-girlfriend, F.G., and her fiancé, E.S., brought the child out of the apartment for the exchange. Upon learning that F.G. took the child for a haircut, Williams became enraged and began threatening F.G. E.S. attempted to intervene. F.G. noticed that Williams was carrying a gun, and she tried to pull E.S. toward the apartment building while Williams was busy strapping the child into a car seat. Williams jumped out of the car and fired multiple shots. At first Williams fired into the air, but, as F.G. and E.S. ran back to the apartment building, F.G. looked back and saw Williams shooting at them.

A jury found Williams guilty of two counts of second-degree assault. The district court sentenced him to two consecutive 36-month prison terms. On September 2, 2014, this court issued an opinion affirming Williams's convictions and sentences. *State v. Williams*, No. A13-2037, 2014 WL 4288993 (Minn. App. Sept. 2, 2014), *review denied* (Minn. Nov. 25, 2014).

On September 10, 2015, Williams filed a pro se motion for postconviction relief and requested an evidentiary hearing. The district court denied his motion without a hearing. This pro se appeal follows.

**D E C I S I O N**

This court reviews the summary denial of a postconviction petition for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). A postconviction court's factual findings are reviewed for clear error, and questions of law are reviewed de novo. *State v. Hokanson*, 821 N.W.2d 340, 357 (Minn. 2012). An evidentiary hearing may be

2

denied if the petitioner fails to allege facts that entitle him to the requested relief. *Lussier v. State*, 853 N.W.2d 149, 153 (Minn. 2014).

Williams argues that the district court abused its discretion by denying his ineffective-assistance-of-trial-counsel claims and his ineffective-assistance-of-appellate-counsel claims. The district court determined that Williams's trial-counsel claims were procedurally barred under *State v. Knaffla* because he failed to bring them in his direct appeal. 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). The district court rejected Williams's appellate-counsel claims because Williams failed to show that his representation on appeal was unreasonable or caused him prejudice. We address each claim in turn, beginning with Williams's trial-counsel claims.

### Trial Counsel

A petition for postconviction relief filed after a direct appeal may not be based on grounds that could have been raised in the direct appeal. Minn. Stat. § 590.01, subd. 1 (2014). The Minnesota Supreme Court has also held that, once a direct appeal has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. Nevertheless, an ineffective-assistance-of-trial-counsel claim that is known but not raised at the time of direct appeal may be brought in a postconviction petition "if review of the claim requires consideration of facts outside those in the trial court record." *Zornes v. State*, 880 N.W.2d 363, 369 (Minn. 2016).

To prevail on a claim of ineffective assistance of counsel, Williams must show "(1) that his counsel's representation fell below an objective standard of reasonableness;

and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quotation omitted). An attorney provides reasonable assistance when the attorney exercises the customary skills and diligence that a reasonably competent attorney would exercise under the circumstances. *State v. Vang*, 847 N.W.2d 248, 266-67 (Minn. 2014). Counsel's performance is presumed reasonable. *Id*. at 266.

Williams argues that his trial attorney was ineffective because he (1) failed to obtain records showing that Williams was never convicted of assaulting his estranged wife; (2) failed to introduce E.S.'s robbery convictions for impeachment and to support Williams's self-defense claim; (3) failed to introduce F.G.'s criminal record to impeach her testimony and to support his self-defense claim; (4) failed to call witnesses to show Williams's good character; and (5) failed to properly cross-examine, object to, or call witnesses to rebut F.G.'s testimony about her relationship with Williams.

Williams first claims that his trial attorney was ineffective because he failed to provide the district court with documents showing that Williams was not convicted of assaulting his estranged wife. In his direct appeal, Williams claimed that the district court erred by admitting evidence of this assault as relationship evidence under Minnesota Statutes section 634.20 (2012). *Williams*, 2014 WL 4288993, at *2. Section 634.20 allows the state to introduce evidence that the defendant has committed other acts of domestic abuse against the victim of the current offense or against other family or household members. Minn. Stat. § 634.20. We concluded that the evidence of the previous assault "fits squarely within" that statute. *Williams*, 2014 WL 4288993, at *2. Now Williams

4

argues that his counsel was at fault for not presenting documents to show that he was never convicted of this assault. But the fact that Williams was never convicted of assaulting his estranged wife—he also was never acquitted of doing so—does not make the evidence inadmissible. *See* Minn. Stat. § 634.20 (providing that relationship evidence "is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice" or other listed factors); *see also State v. McCoy*, 682 N.W.2d 153, 161 (Minn. 2004) (concluding that evidence submitted under section 634.20 need not meet the clear-and-convincing standard of proof). Moreover, Williams's attorney did argue to the district court that Williams was never convicted of committing this assault. The attorney's failure to bolster this argument with documentation does not establish that his performance was objectively unreasonable.

Second, Williams claims that his attorney was ineffective because he failed to present E.S.'s 2000 and 2001 robbery convictions both for impeachment purposes and to support Williams's self-defense claim. But the attorney did attempt to introduce the convictions for impeachment. The district court declined to admit them because of their age and because it admitted two of E.S.'s other convictions and believed admitting these additional convictions would be unnecessarily cumulative. Although Williams's attorney did not introduce the convictions to support Williams's self-defense claim, evidence of prior acts of violence by the victim is admissible to support a defendant's self-defense claim only if the defendant was aware of the prior acts at the time of the offense. *State v. Penkaty*, 708 N.W.2d 185, 202 (Minn. 2006). As this court held in Williams's direct appeal, there is no evidence in the record that Williams knew of E.S.'s robbery convictions

5

when he shot at E.S. and F.G. *Williams*, 2014 WL 4288993, at *3. E.S.'s prior robbery convictions therefore do not support Williams's self-defense claim, and he has not shown that by failing to present them his attorney performed below an objective standard of reasonableness.

Williams next argues that his trial attorney was ineffective because he failed to impeach F.G. and bolster Williams's self-defense claim with F.G.'s prior criminal convictions. But Williams has not shown that F.G. has any convictions that would have been admissible for impeachment under Minnesota Rule of Evidence 609. There is also no evidence that, at the time of his offense, Williams was aware of any violent acts committed by F.G. that would have supported his self-defense claim. *See Penkaty*, 708 N.W.2d at 202. In fact, Williams's testimony at trial indicated that his self-defense claim was based on his fear of E.S., not F.G. The attorney's failure to introduce F.G.'s criminal convictions does not demonstrate that the attorney's performance was objectively unreasonable.

Williams's final two claims of ineffective assistance of trial counsel involve his attorney's failure to call character witnesses and failure to properly cross-examine, object to, or call witnesses to impeach F.G.'s testimony about her relationship with Williams. But these are questions of trial strategy that are not subject to an ineffective-assistance claim. "[W]hat evidence to present to the jury, what witnesses to call, and whether to object are part of an attorney's trial strategy which lie within the proper discretion of trial counsel and will generally not be reviewed later for competence." *Carridine v. State*, 867 N.W.2d 488,

6

494 (Minn. 2015) (quotation omitted). Trial strategy also includes the extent of cross-examination. *Francis v. State*, 781 N.W.2d 892, 898 (Minn. 2010).

Even if Williams had established that his attorney's performance fell below an objective standard of reasonableness, which he has not, Williams cannot show that the result of his trial would have been different but for the alleged deficiencies. The evidence of Williams's guilt was very strong. F.G., E.S., and a bystander testified that Williams fired several shots toward F.G. and E.S. without provocation as they ran into F.G.'s apartment building. The witness testimony was supported by bullet fragments and bullet holes found in and around the exterior of the building. Although he claimed he did so in self-defense and only fired the gun into the air, Williams admitted at trial to firing his gun during the confrontation in front of F.G.'s apartment. He testified that he believed E.S. had a gun and was threatening to shoot him but admitted that he never saw E.S. with a gun. We do not believe that exclusion or impeachment of relationship evidence, presentation of E.S.'s and F.G.'s prior convictions, or character witnesses could have overcome this strong evidence of guilt.

Williams's claims that his trial attorney was ineffective are meritless. He has failed to establish both that his attorney's performance did not meet an objective standard of reasonableness and that the result of his trial would have been different if not for the attorney's alleged errors.

Moreover, because his trial-counsel claims were known at the time of direct appeal, can be decided on the basis of the trial record, and were not brought on direct appeal, they are also procedurally barred. *See Zornes*, 880 N.W.2d at 369. The district court did not

7

abuse its discretion by summarily denying Williams's motion for postconviction relief as to these claims.

*Appellate Counsel*

Williams argues that his appellate attorney was ineffective because she failed to raise the ineffective-assistance-of-trial-counsel claims addressed above on direct appeal. But appellate counsel is not required to raise an ineffective-assistance-of-trial-counsel claim if the claim has no merit. *Martin v. State*, 825 N.W.2d 734, 745 (Minn. 2013). Because Williams's ineffective-assistance-of-trial-counsel claims are without merit, his ineffective-assistance-of-appellate-counsel claims also fail.

**Affirmed.**