**Victor FIELDS, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A06–1770.**

Supreme Court of Minnesota.

June 21, 2007.

Victor Donnell Fields, Bayport, MN, pro se.

Lori Swanson, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

PAGE, Justice.

Victor Fields was convicted of first-degree murder and attempted first-degree murder for his role in the shooting death of LeTerrance Paige and the wounding of Keinon Love in December 2001. The facts and circumstances underlying his convictions can be found in our opinion deciding Fields' direct appeal. *State v. Fields,* 679 N.W.2d 341 (Minn.2004).

On direct appeal, Fields raised a number of issues, including the admission of grand jury testimony of an unavailable witness, the admission of hearsay statements a witness made to his sister, the admission of the contents of anonymous tips to the police, the admission of the statements the unavailable witness made to police, and whether the evidence was sufficient to support the jury's verdict. *Id.* at 345, 347, 348. Fields also raised issues relating to the denial of jail credit and to the calculation of his sentence. *Id.* at 349. Although we modified his sentence on direct appeal, we affirmed Fields' conviction in all other respects. *Id.*

Subsequently, Fields filed a petition for postconviction relief in which he asserted various claims of ineffective assistance of both trial and appellate counsel. The postconviction court concluded that Fields' ineffective assistance of trial counsel claims were known to him at the time of trial and were therefore barred under *Torres v. State,* 688 N.W.2d 569, 572 (Minn.2004), which reaffirmed our rule in *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976). The postconviction court concluded that Fields' ineffective assistance of appellate counsel claims failed because there was "no evidence that failure to make the arguments that [Fields] cites would have resulted in a different decision by the Minnesota Supreme Court."

In this appeal, Fields argues, as he did before the postconviction court, that his trial counsel was ineffective because his counsel: (1) conceded his guilt without his approval; (2) failed to object when the jury found him guilty of both first- and second-degree murder; (3) failed to challenge the admission of a photo lineup; (4) failed to object to the "inadmissible testimony of A Police Officer [sic]"; and (5) failed to object to the prosecutor's closing argument. Fields asserts that his appellate counsel was ineffective because his appellate counsel failed to either argue on direct appeal that his trial counsel was ineffective or

pursue an ineffective assistance of trial counsel claim by way of a petition for postconviction relief before pursuing his direct appeal. For the reasons discussed below, we affirm.

 When reviewing a denial of postconviction relief, we examine whether the postconviction court's findings are supported by sufficient evidence. *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997). We will only reverse the postconviction court's decision if that court abused its discretion. *Id.* Issues of law are reviewed de novo. *Opsahl v. State,* 710 N.W.2d 776, 782 (Minn.2006). A petitioner is entitled to an evidentiary hearing and the postconviction court must make findings of fact and conclusions of law "[u]nless the petition and the files and records of the proceedings conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2006).

 When evaluating an ineffective assistance of counsel claim, we apply the two-prong test articulated in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. LaHue,* 585 N.W.2d 785, 789 (Minn.1998) (applying the *Strickland* test to claims of ineffective assistance of trial counsel); *Roby v. State,* 547 N.W.2d 354, 356–57 (Minn.1996) (applying the *Strickland* test to claims of ineffective assistance of appellate counsel). The first prong, often referred to as the "performance" prong, requires an appellant to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. The second prong, often referred to as the "prejudice" prong, requires the appellant to show that "there is a reasonable probability that, but for counsel's unprofessional er-

rors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. For the claim to succeed, both prongs must be met. *Id.* at 687, 104 S.Ct. 2052. "There is a strong presumption that a counsel's performance falls within the wide range of 'reasonable professional assistance.' " *State v. Jones,* 392 N.W.2d 224, 236 (Minn.1986) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). When an ineffective assistance of appellate counsel claim is based on appellate counsel's failure to raise an ineffective assistance of trial counsel claim, the appellant must first show that trial counsel was ineffective. *Zenanko v. State,* 688 N.W.2d 861, 865 (Minn.2004).

We conclude that all of Fields' ineffective assistance of trial counsel claims fail either the *Strickland* performance prong, the prejudice prong, or both.[1] And, because we conclude that all of Fields' ineffective assistance of trial counsel claims fail, we also conclude that all of Fields' ineffective assistance of appellate counsel claims fail.

We first address Fields' argument that he was denied effective assistance of trial counsel when his trial counsel conceded his guilt without his approval. While in jail awaiting trial, Fields made threatening calls to several of the state's witnesses. The state argued that Fields' guilt could be inferred from Fields having made the calls. During closing arguments, defense counsel responded with the following argument:

> The state wants you to assume because he made a grievous mistake and a stupid mistake, calling people from jail, that means he is the shooter. Why would he do it if it [sic] is not guilty?

---

1. Because each of Fields' ineffective assistance of counsel claims is entirely without merit, we have elected to dispose of them on their merits and not determine whether they are barred by our *Knaffla* rule. *See* 309 Minn. at 252, 243 N.W.2d at 741.

[The prosecutor] hit it on the head, because he is stupid. How could that possibly help anyone when it comes to the evidence against him? It says right on the phones "These phones will be tape-recorded." How dumb is that? Does that prove that he is the man that shot these people on the bus? No. That's a non sequitur. It doesn't follow. The state wants you to assume this phone call proves something. It doesn't prove anything. It doesn't tie him into anything. It doesn't put him at the scene.

Fields asserts that in making this argument, defense counsel conceded his guilt.

■ "The decision whether or not to admit guilt at trial belongs to the defendant, and a new trial will be granted [when] defense counsel, explicitly or implicitly, admits a defendant's guilt without permission or acquiescence." *State v. Pilcher*, 472 N.W.2d 327, 337 (Minn.1991). The postconviction court concluded that Fields' trial counsel did not concede his guilt on the matter for which Fields was standing trial. We conclude, as did the postconviction court, that Fields' trial counsel did not concede his guilt on an element of the charged offense. Fields' trial counsel did concede that Fields made threatening phone calls to several of the state's witnesses, but that did not amount to a concession of guilt. As the postconviction court pointed out, Fields was not charged with witness tampering. Accordingly, we hold that Fields' trial counsel did not concede Fields' guilt and was not ineffective. Because Fields' trial counsel was not ineffective when conceding that Fields made threatening calls to the state's witnesses while awaiting trial, his appellate counsel was not ineffective in failing to raise the issue on appeal.

■ Next, Fields asserts that his trial counsel was ineffective because he failed to object when the jury "convicted" him of first- and second-degree murder. The postconviction court determined that Fields' argument that his trial counsel was ineffective for failing to object to the jury's verdict was barred and rejected Fields' claim that his appellate counsel was ineffective for failing to raise this issue on appeal.

We hold that Fields' trial counsel was not ineffective in failing to object to the jury's verdicts. Fields' argument appears to be based on the misunderstanding that the jury's verdicts violated Minn.Stat. § 609.04 (2006), which provides that a defendant may not be convicted of a crime and a lesser-included crime. While the jury found Fields guilty of both first- and second-degree murder, the court convicted Fields—that is, the court entered a judgment of conviction—of first-degree murder only. Therefore, there was no basis for an objection to the jury's verdicts and neither Fields' trial attorney nor his appellate attorney were ineffective for failing to raise this issue in Fields' defense.

We next address Fields' assertion that his trial counsel was ineffective for failing to challenge the photo lineup procedures used by the police in his case. Fields' assertion is belied by the facts in the record. The record of the pretrial *Rasmussen* hearing clearly demonstrates that Fields' trial counsel objected to the photo lineup procedures. Therefore, Fields' ineffective assistance of trial and appellate counsel claims on this issue have no merit.

■ Fields also asserts that he is entitled to postconviction relief because he was denied effective assistance of counsel when his trial counsel failed to object to what he deems to have been inadmissible testimony of a police officer. Specifically, Fields asserts his counsel was ineffective in failing to object to the admission of the testimony of a police officer regarding tips the police

received during the initial stages of their investigation. Fields raised this same issue on direct appeal and we concluded that review of the issue had been forfeited because trial counsel did not object. *Fields*, 679 N.W.2d at 348. We further noted that trial counsel presumably did not object "because the response gave credence to Fields' theory of the case that the police immediately and prematurely focused on him as the sole suspect." *Id.* We did not address whether counsel's failure to object amounted to ineffective assistance of counsel. Because the decision to object was beneficial to Fields, he cannot meet the prejudice prong of the *Strickland* test. On that basis, his claim of ineffective assistance of trial and appellate counsel on this issue fails.

▓ We turn next to Fields' argument that he is entitled to postconviction relief because he was denied effective assistance of counsel when his trial counsel failed to object to the prosecutor's reference to the testimony of an uncalled witness in closing argument. Fields asserts that the prosecutor's conduct amounts to misconduct that denied him a fair trial. The postconviction court held that this argument was without merit and that Fields' appellate counsel was not ineffective in not raising the issue on direct appeal.

During the prosecutor's closing argument, the prosecutor stated:

And then JR walks away, towards the store. Minutes later JR borrows Jamal Mays' phone, his cell phone, pays him a few—50 cents, I believe it was, or 75 cents to use that phone because the pay phone at the store was out of order. That call was placed to the defendant's apartment. The defendant then comes running out of that apartment, through the commons, towards the opening of the fence by Zane Avenue, towards the bus.

* * * *

And importantly, the timing of the phone call. 18–second phone call, this isn't a phone call where somebody's calling up just to chat away. It's 18 seconds, just enough time to get the message from JR to his cousin, the defendant, that, hey, the guy's out here.

Fields asserts that this was misconduct because JR never testified, no one testified that "JR called [Fields] saying 'the guy[']s out here,' " and there was no testimony that Fields was in his apartment to receive the call.

Based on the record, it does not appear that trial counsel's failure to object to the prosecutor's statements fell below an objective standard of reasonableness. While JR did not testify, there was ample evidence in the record supporting the prosecutor's argument, including testimony that Fields' cousin JR used a cell phone and placed a call to the number listed for Fields' apartment, and surveillance tapes showing Fields running towards the scene of the crime shortly after that call was placed. Because the prosecutor's arguments were based on reasonable inferences that could be drawn from that evidence, we conclude that the prosecutor's closing argument did not amount to misconduct. *See State v. Barnes*, 713 N.W.2d 325, 336 (Minn.2006) (explaining that the "state's closing argument can include reasonable inferences from the evidence" and that doing so does not amount to prosecutorial misconduct). Because we conclude there was no misconduct, we also conclude that trial counsel's failure to object and appellate counsel's failure to raise the issue on appeal did not constitute ineffective assistance of counsel.

▓ Finally, Fields argues that he was denied effective assistance of appellate counsel because, contrary to his wishes, his

appellate counsel pursued a direct appeal in lieu of postconviction relief. While Fields' direct appeal was pending, he contacted his appellate attorney and requested that she pursue postconviction relief instead of a direct appeal. Fields' appellate attorney responded that in her opinion there was no basis to pursue postconviction relief instead of a direct appeal. She further told Fields that he could fire her and pursue postconviction relief pro se. The postconviction court determined that the decision of Fields' appellate counsel to pursue a direct appeal rather than postconviction relief was a tactical decision that did not amount to ineffective assistance of counsel.

Although Fields asserts that his appellate counsel's failure to forego his direct appeal and pursue postconviction relief was ineffective, he does not assert why his appellate attorney's decision fell below the objective standard of reasonableness required under the performance prong of *Strickland*. Nor does he offer any evidence demonstrating that there is a reasonable probability that, but for the decision to pursue a direct appeal rather than postconviction relief, the postconviction court would have granted him relief. Without more, we conclude that this claim fails both prongs of *Strickland*.

Therefore, we affirm the postconviction court's denial of postconviction relief.