*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0628**

Luis Esteban Pliego Cortes, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 26, 2015
Reversed and remanded
Hudson, Judge**

Sherburne County District Court
File No. 71-CR-12-711

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Dawn R. Nyhus, Assistant County Attorney, Elk River, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Hudson, Judge; and Bjorkman, Judge.

### UNPUBLISHED OPINION

**HUDSON**, Judge

Appellant challenges the district court's denial of his postconviction petition to withdraw his guilty plea to felony theft by wrongfully obtaining public assistance. He

argues that trial counsel was constitutionally ineffective because he failed to provide appellant accurate advice regarding the immigration consequences of his guilty plea. Because we conclude that trial counsel's representation fell below an objective standard of reasonableness, we reverse and remand.

## FACTS

In May 2012, the state of Minnesota charged appellant Luis Esteban Pliego Cortes with felony theft by wrongfully obtaining public assistance, alleging that appellant received $13,642.43 in medical assistance to which he was not entitled because he failed to report income to the Sherburne County Health and Human Services Department. Appellant is a legal permanent resident of the United States.

Appellant pleaded guilty to the offense in August 2012. He signed a plea petition that stated, in part, that his guilty plea "may result in deportation, exclusion from admission to the United States of America, or denial of citizenship," and informed the district court that he understood that portion of the petition at the plea hearing. He also admitted that he received over $10,000 in benefits to which he was not entitled because he failed to properly report all of his family's income. The district court accepted appellant's guilty plea.

Appellant appeared for sentencing in December 2012. At the sentencing hearing, his attorney stated that:

> Mr. Cortes is not a citizen. He faces deportation. He faces – jail time is about punishment, and he faces the ultimate punishment. He faces being ripped away from his wife and his kids that are here. He faces really losing the American dream. I mean, punishment – that is the ultimate punishment.

. . . .

> He's just trying to pay the dues, pay back the $13,000, and move on with his life with his wife and kids who are here, and not – you know, every day he'll be looking over his shoulder wondering if the INS is going to knock on his door. And we keep him working, and with his wife and kids, perhaps has a better chance he doesn't face that.

The district court stayed imposition of sentence, ordered appellant to serve 30 days in jail, and directed that he make restitution to the county. The district court permitted appellant to serve his jail time over weekends so that he could maintain employment and make restitution payments.

Appellant was subsequently taken into immigration custody and placed in removal proceedings. In December 2013, he filed a petition for postconviction relief, seeking to withdraw his guilty plea on the grounds that a manifest injustice occurred because he had not received full and accurate legal advice regarding the immigration consequences of his plea. He argued that trial counsel failed to inform him that his guilty plea would make his deportation presumptively mandatory because his plea would result in his conviction for an aggravated felony as defined by the immigration statutes. Attached to the postconviction petition was an affidavit from postconviction counsel, which stated that trial counsel informed him that he advised appellant "that his guilty plea could have immigration consequences" and that trial counsel was "unaware that the offense to which [appellant] pled guilty was an aggravated felony for immigration purposes." The district court ordered that an evidentiary hearing be held.

3

At the evidentiary hearing, appellant testified that trial counsel did not inform him that his deportation would be mandatory if he pleaded guilty and that he would not have pleaded guilty if his attorney had advised him accurately about the immigration consequences of his plea. He admitted that he went through the entire plea petition with his attorney and testified that he "had been fully advised of the possibility of deportation." The district court denied appellant's postconviction petition to withdraw his guilty plea, concluding that he failed to demonstrate that counsel's advice fell below an objective standard of reasonableness. This appeal follows.

## D E C I S I O N

Appellant argues that the district court erroneously denied his postconviction petition to withdraw his guilty plea, asserting that his plea was invalid because trial counsel failed to accurately advise him of the immigration consequences of that plea. A defendant may withdraw a guilty plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice exists if a guilty plea is not valid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). To be constitutionally valid, a guilty plea must be "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). A defendant's guilty plea is constitutionally invalid if the defendant received ineffective assistance of counsel, which renders the plea involuntary. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985); *Ecker*, 524 N.W.2d at 718.

We examine a claim of ineffective assistance of counsel under a two-pronged analysis. *State v. Bobo*, 770 N.W.2d 129, 137 (Minn. 2009). First, the defendant must

4

show that his or her counsel's representation "fell below an objective standard of reasonableness." *Fields v. State*, 733 N.W.2d 465, 468 (Minn. 2007) (quotation omitted). Second, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation omitted). A postconviction decision regarding a claim of ineffective assistance of counsel involves mixed questions of fact and law and is reviewed de novo. *Opsahl v. State*, 677 N.W.2d 414, 420 (Minn. 2004). But on review, "[t]here is a strong presumption that counsel's performance was reasonable." *Boitnott v. State*, 631 N.W.2d 362, 370 (Minn. 2001).

The Sixth Amendment to the United States Constitution requires that counsel provide legal advice regarding the immigration consequences of a defendant's guilty plea. *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S. Ct. 1473, 1482 (2010). The duty of counsel to provide that advice varies based on the specific consequences of the defendant's plea. When the immigration consequences of a guilty plea are unclear or uncertain, the attorney need not do more than advise the client that the guilty plea "may carry a risk of adverse immigration consequences." *Id.* at 369, 130 S. Ct. at 1483. But when the deportation consequences are "truly clear, the duty to give correct advice is equally clear," and counsel is required to provide accurate advice to the defendant regarding those consequences before the defendant enters a guilty plea. *Id.*

Here, the immigration consequences of appellant's guilty plea are clear. Federal law provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii) (2012). The term "aggravated

5

felony" is defined to include any crime that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i) (2012). Thus, appellant's guilty plea led to his conviction for a "deportable" offense, and his deportation became "presumptively mandatory" as a result. *Padilla*, 559 U.S. at 368–69, 130 S. Ct. at 1483. The Sixth Amendment therefore requires that appellant must have received "correct advice" regarding the immigration consequences of his plea for that plea to be valid. *Id.* at 357, 130 S. Ct. at 1477.

But the record conclusively demonstrates that trial counsel and the district court informed appellant that he faced only a possibility of deportation following his guilty plea. The affidavit attached to the postconviction petition for relief indicates that trial counsel advised appellant that his guilty plea "could have immigration consequences." The plea petition that appellant reviewed and signed establishes that appellant understood that his guilty plea "may result in deportation." And at sentencing, trial counsel argued that the district court should impose minimal jail time so that appellant stood "a better chance" of avoiding deportation. The totality of the evidence demonstrates that appellant was undoubtedly aware of the risk of immigration consequences. But "[a] criminal defendant who faces almost certain deportation is entitled to know more than that it is *possible* that a guilty plea could lead to removal; he is entitled to know that it is a virtual certainty." *United States v. Bonilla*, 637 F.3d 980, 984 (9th Cir. 2011). Because trial counsel did not accurately inform appellant that his deportation was presumptively mandatory following his guilty plea and because that consequence could easily have been "determined from reading the removal statute," we conclude that trial counsel's

6

performance fell below an objective standard of reasonableness. *Padilla*, 559 U.S. at 369, 130 S. Ct. at 1483.

We recognize that the district court rejected appellant's argument that trial counsel was required to inform him that his deportation was presumptively mandatory because it found that appellant did not credibly testify that trial counsel failed to provide that advice. Although we defer to the district court's credibility findings, we are not presented with any evidence that demonstrates that trial counsel advised appellant that his deportation was presumptively mandatory before he pleaded guilty. Instead, the remainder of the record establishes that appellant was repeatedly informed, as the district court found, that he faced only a "realistic risk" of deportation. But the removal statutes make clear that appellant's deportation was more than a realistic risk; instead, those statutes establish that appellant's deportation was a "virtual certainty" following his plea. *Bonilla*, 637 F.3d at 984. Because trial counsel did not adequately advise appellant of that consequence, we reverse the district court's order denying appellant's postconviction petition for relief and remand for the district court to determine whether appellant established that he was prejudiced by that advice. *See Padilla*, 559 U.S. at 374–75, 130 S. Ct. at 1487 (remanding to consider whether the defendant was prejudiced by counsel's advice).

**Reversed and remanded.**