*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1704**

Jason Dean Ligtenberg, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 13, 2016
Affirmed
Bratvold, Judge**

Olmsted County District Court
File No. 55-K0-04-003970

Jason Ligtenberg, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Reyes, Judge; and Bratvold, Judge.

## UNPUBLISHED OPINION

**BRATVOLD**, Judge

Appellant, Jason Dean Ligtenberg, challenges the district court's denial of his petition for postconviction relief without a hearing. Because appellant's petition was filed

after the two-year time limit, no statutory exception permits consideration of his petition, and the district court did not abuse its discretion in denying relief without a hearing, we affirm.

**FACTS**

This appeal arises from the district court's denial of Jason Dean Ligtenberg's third petition for postconviction relief. In August 2007, a jury convicted Ligtenberg of two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct for sexual assaults he committed against his biological daughter between 1999 and 2002, when she was 13 to 16 years old. *State v. Ligtenberg*, No. A08-0073, 2009 WL 1677852, at *1–2 (Minn. App. June 16, 2009) (*Ligtenberg I*), *review denied* (Minn. Aug. 26, 2009). The facts are fully stated in this court's opinion affirming his convictions.

Following his convictions, Ligtenberg filed a direct appeal in January 2008. This court stayed his direct appeal, pending the resolution of his first postconviction petition in the district court. In his first postconviction petition, Ligtenberg argued that he was entitled to a new trial because he had received ineffective assistance of counsel. He asserted that his trial counsel failed to (1) investigate an expert psychologist before trial; (2) investigate the victim's medical, phone, and work records; (3) call two witnesses in support of his character; (4) offer evidence of a third-party perpetrator; (5) effectively cross-examine the victim; (6) correctly distinguish between two different persons named "Misty" involved in the trial; and (7) object to certain questions during the state's direct examination of the victim. The district court denied his petition for relief without a hearing. After reinstating

2

the appeal, this court affirmed his convictions. *Id.* at *2, *7. The supreme court denied Ligtenberg's petition for review.

In October 2010, Ligtenberg asked the district court to release all medical records concerning the victim. *Ligtenberg v. State*, No. A11-2207, 2012 WL 3263879, at *1 (Minn. App. Aug. 13, 2012) (*Ligtenberg II*), *review denied* (Minn. Oct. 24, 2012). The district court denied his motion, and Ligtenberg filed a second petition for postconviction relief, challenging the denial and raising additional arguments. In his second postconviction petition, Ligtenberg argued that his trial counsel and his appellate counsel in the first postconviction petition had been ineffective. For example, Ligtenberg contended that appellate counsel failed to challenge his trial counsel's failure to object to venue, trial counsel failed to object to the admission of the state's expert witness testimony, and trial counsel gave Ligtenberg improper advice regarding how he should behave at sentencing. The district court denied his petition for relief without a hearing, and this court affirmed the denial. *Id.* at *3. The supreme court again denied Ligtenberg's petition for review.

In November 2014, Ligtenberg petitioned the supreme court for habeas corpus relief, which the supreme court dismissed. He filed this third petition for postconviction relief in June 2015, and the district court denied it without a hearing. The district court concluded that Ligtenberg's petition was time-barred, *Knaffla*-barred, and failed on the merits because his claims have "already been addressed by the Court of Appeals." This appeal follows.

## D E C I S I O N

### A.        Time Limit for Postconviction Relief and the *Knaffla* Bar

Petitions for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2014). A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions. *Id.*, subd. 4(b) (2014). A petition that invokes one of the exceptions must be filed within two years of the date the claim arises. *Id.*, subd. 4(c) (2014). A claim arises when the petitioner "knew or should have known that the claim existed." *Sanchez v. State*, 816 N.W.2d 550, 552 (Minn. 2012).

Additionally, when a direct appeal has been taken, all claims that were raised or could have been raised will not be considered in a petition for postconviction relief. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). The legislature codified this rule of law, known as the *Knaffla* bar, in Minn. Stat. § 590.01, subd. 1 (2014) ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence.")

The disposition of Ligtenberg's direct appeal became final in August 2009, when the Minnesota Supreme Court denied review of this court's affirmance of his conviction. Ligtenberg filed this petition in June 2015, nearly six years after the disposition of his direct appeal. Ligtenberg, therefore, must demonstrate that a statutory exception to the two-year time limit applies to obtain consideration of his petition. *See* Minn. Stat. § 590.01, subd. 4. Ligtenberg impliedly argues that three exceptions apply: (1) the newly-discovered-

4

evidence exception, (2) the interests-of-justice exception, and (3) the existence of a physical disability. We review the district court's summary denial of a postconviction petition for abuse of discretion. *Davis v. State*, 784 N.W.2d 387, 390 (Minn. 2010). A postconviction court "abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 792 N.W.2d 831, 833. (Minn. 2011).

### B.     The Newly-Discovered-Evidence Exception

A district court may hear an untimely petition for postconviction relief if (1) the petitioner alleges the existence of newly discovered evidence, (2) the evidence could not have been discovered through the due diligence of the petitioner or his attorney within the two-year time limit, (3) the evidence is not cumulative, (4) the evidence is not for impeachment purposes, and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. Minn. Stat. § 590.01, subd. 4(b)(2); *see also Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014) (discussing application of the newly-discovered-evidence exception), *review denied* (Minn. Jan. 28, 2015). All five elements must be established to obtain relief. *Id.*

In this third petition for postconviction relief, Ligtenberg argues that his claim arose when he first received the trial transcript of a bench conference during which his trial counsel apparently failed to object to the trial venue. Under Ligtenberg's theory, the transcript is newly discovered evidence because he "never knew his trial counsel failed to raise any venue claims" until he reviewed it.

5

Even if we assume that a transcript may be considered to be newly discovered evidence, Ligtenberg's argument fails for at least two reasons. First, as evidenced by *Ligtenberg II*, the trial transcript that purportedly amounts to new evidence was available to Ligtenberg and his appellate counsel no later than 2012. *See Ligtenberg II*, 2012 WL 3263879, at *2 (discussing Ligtenberg's trial counsel's agreement to venue). More than four years have elapsed since *Ligtenberg II*, therefore the time to raise the newly-discovered-evidence exception has expired. Second, the transcript of the bench conference cannot satisfy the "actual innocence" prong because a venue challenge would not exonerate him of the charged offense. *See Brown v. State*, 863 N.W.2d 781, 787-88 (Minn. 2015) (noting that, under the innocence prong, petitioner must prove "it is more likely than not that no reasonable jury would [have] convict[ed]"(quotation omitted)).

Because at least two of the five required elements of this exception are not established, the district court did not abuse its discretion in denying Ligtenberg's untimely petition under the newly-discovered-evidence exception.

### C.     The Interests-of-Justice Exception

A district court may hear an untimely petition for postconviction relief if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5) (2014). The interests-of-justice exception applies in exceptional cases where a claim has substantive merit and the petitioner has not deliberately and inexcusably failed to raise the issue on direct appeal. *Roberts*, 856 N.W.2d at 292. Courts also consider other factors, such as the degree to which each party is at fault for the alleged error, whether a fundamental unfairness to the

defendant needs to be addressed, and if relief is necessary to protect the integrity of judicial proceedings. *Gassler v. State*, 787 N.W.2d 575, 587 (Minn. 2010) (holding list of factors is not exclusive).

Ligtenberg's claims for postconviction relief essentially allege (1) improper notice of and improper venue for two Ramsey County offenses that were joined with the original charge for trial and (2) ineffective assistance of his second appellate counsel for failure to discover the notice and venue issues. Ligtenberg asserts that "the importance of equity and fairness" justifies application of the interests-of-justice exception because his claims were "unknown to him through his inexperience in legal understandings or any mistrust of his appointed counsel." He urges this court to consider his petition because he has been unable to argue that he was deprived of effective assistance of counsel.

The record belies Ligtenberg's assertion. Ligtenberg has raised ineffective assistance of counsel in both of his previous postconviction petitions. Additionally, this court has twice considered and rejected his ineffective-assistance-of-counsel claim. *See Ligtenberg I*, 2009 WL 1677852, at *6–7 (noting that Ligtenberg "has not provided factual support for his assertions nor indicated how he was prejudiced by trial counsel's actions"); *Ligtenberg II*, 2012 WL 3263879, at *2 (rejecting three grounds for ineffective assistance of counsel).

This court has also specifically rejected Ligtenberg's claim of ineffective assistance related to the venue issue. In his second postconviction petition, Ligtenberg argued that "he received ineffective assistance of appellate counsel" for his appellate counsel's failure "to raise an issue regarding his trial counsel's failure to object to improper venue." *Ligtenberg*

7

*II*, 2012 WL 3263879, at *2. We held that "it is apparent from the record that Ligtenberg's trial counsel purposely waived the venue issue." *Id.* Because "the decision whether or not to object to venue is a matter of trial strategy reserved for trial counsel's discretion," we declined to review it for competence. *Id.* (citing *State v. Voorhees*, 596 N.W.2d 241, 255 (Minn. 1999)).

Ligtenberg does not explain what was inadequate about the notice of the Ramsey County offenses. Also, this issue was known to Ligtenberg at the time of his direct appeal and was not raised. Ligtenberg may not now challenge the adequacy of the notice. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741 ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). Even if we were to consider this challenge on the merits, Ligtenberg's notice argument fails. Ligtenberg's trial counsel agreed to waive venue and consolidate the three charges for trial in Olmsted County. *Ligtenberg II*, 2012 WL 3263879, at *2. As already discussed, trial strategy is not reviewable for competence. *See Voorhees*, 596 N.W.2d at 255.

Accordingly, the district court did not abuse its discretion in refusing to consider Ligtenberg's untimely petition under the interests-of-justice exception.

### D. Physical Disability

Minnesota has provided an exception from the two-year time bar for petitioners who establish "that a physical disability or mental disease precluded a timely assertion of the claim." Minn. Stat. § 590.01, subd. 4(b)(1) (2014). Ligtenberg contends that his incarceration is a physical disability that prevented him from diligently pursuing his claims

for postconviction relief. He cites no authority for this position. This court need not consider an argument for which no legal authority is cited. *State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006), *aff'd*, 728 N.W.2d 243 (Minn. 2007) ("An assignment of error in a brief based on mere assertion and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection."(quotation omitted)). Additionally, Ligtenberg's contention is not supported by the plain language of the statute. While section 590.01 does not define "physical disability," the common meaning is "[a]n incapacity caused by a physical defect or infirmity, or by bodily imperfection or mental weakness." *Black's Law Dictionary* 559 (10th ed. 2014). Imprisonment is not a physical disability.

Thus the district court did not abuse its discretion in concluding that Ligtenberg's claims are time-barred. *See* Minn. Stat. §590.01, subd 4.

### E.      Summary Disposition

Denial of a petition without a hearing is appropriate if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). Moreover, a district court may summarily deny a petitioner's successive petition for similar relief and may summarily deny a petition when this court has previously decided the issues raised. *Id.*, subd. 3 (2014).

Ligtenberg argues his postconviction petition was improperly denied without a hearing. "A petitioner seeking postconviction relief has the burden of establishing, by a fair preponderance of the evidence, facts [that] warrant a reopening of the case." *State v. Rainer*, 502 N.W.2d 784, 787 (Minn. 1993). We review the denial of an evidentiary hearing for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

9

The record conclusively shows that summary disposition was appropriate and Ligtenberg is entitled to no relief on his postconviction claims, which are a challenge to notice and venue and a claim for ineffective assistance of his second appellate counsel for failure to raise the same issues. First, his notice and venue challenges were known to him at the time of the direct appeal and are now *Knaffla*-barred. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

Second, Ligtenberg cannot establish ineffective assistance of appellate counsel for failure to raise trial counsel's mistakes. In order to succeed at this claim, petitioner must demonstrate that trial counsel was ineffective. *See Fields v. State*, 733 N.W.2d 465, 468 (Minn. 2007). Notably, this court has already determined that Ligtenberg's trial counsel was not ineffective. In his first postconviction petition, we determined that Ligtenberg had not established that he was prejudiced by trial counsel's actions. *Ligtenberg I*, 2009 WL 1677852, at *6–7. Upon considering his second petition, we concluded that "trial counsel's decision to waive the venue issue did not constitute ineffective assistance of counsel. It follows that Ligtenberg's appellate counsel was not ineffective for failing to raise the issue of ineffective assistance of trial counsel on this ground." *Ligtenberg II*, 2012 WL 3263879, at *2 (citation omitted). Ligtenberg's third petition requesting similar relief therefore fails because this court has previously decided the issue.

In sum, Ligtenberg has not raised facts that warrant reopening his case, the record conclusively shows that he is entitled to no relief, and this court has previously considered

and rejected his claims. Accordingly, the district court did not abuse its discretion in denying his petition without a hearing.

**Affirmed.**