*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0337**

Timothy Ayman Bakdash, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 27, 2016
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-CR-11-11987

Craig E. Cascarano, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the district court's denial of his petition for postconviction relief, arguing that he is entitled to an evidentiary hearing on the grounds of newly discovered evidence and ineffective assistance of counsel. Appellant also contends that

the district court erred by determining that the jury's guilty verdicts of second-degree intentional murder and criminal vehicular homicide are legally consistent and that all of his claims are procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). We affirm.

**FACTS**

A jury found appellant Timothy Ayman Bakdash guilty of second-degree intentional murder, felony murder, and criminal vehicular homicide for the death of B.V.H., as well as two counts of attempted second-degree murder, two counts of second-degree assault, and two counts of criminal vehicular operation related to S.B. and K.H. The district court sentenced Bakdash to two concurrent prison terms of 173 months for the two counts of attempted second-degree murder to be served consecutively with his sentence of 307 months for second-degree murder.

Bakdash appealed from his convictions. On direct appeal, this court held that (1) the district court did not err by including statutory language regarding transferred intent in the jury instructions, (2) Bakdash failed to show that submitting the theory of transferred intent to the jury constituted an improper constructive amendment of the indictment, and (3) the district court did not err by denying Bakdash's request for full disclosure of the grand jury transcripts. *State v. Bakdash*, 830 N.W.2d 906, 919 (Minn. App. 2013), *review denied* (Minn. Aug. 6, 2013). Accordingly, this court affirmed Bakdash's convictions and sentences. *Id.*

Bakdash subsequently petitioned for postconviction relief requesting that the sentences be vacated or, alternatively, that the matter be set for a new trial. In his petition,

2

Bakdash asserted that newly discovered evidence, in the form of testimony from Daniel Lofgren, an accident-reconstruction expert, would demonstrate that law enforcement failed to adequately investigate the scene and that Bakdash lacked the requisite intent to commit the crimes. He also asserted that the jury's guilty verdicts of second-degree intentional murder and criminal vehicular homicide are legally inconsistent. Bakdash amended his petition to include a claim that he was deprived of both effective trial and appellate counsel. Attached to his amended petition was Lofgren's affidavit, which disputes the trial testimony of Sergeant Bradley Simonson. Sgt. Simonson investigated the accident, and although he is trained in accident reconstruction, he did not prepare an accident-reconstruction report. Sgt. Simonson testified that there were no skid marks at the scene and that the lack of skid marks suggested an intentional event. In his affidavit, Lofgren alleges that Sgt. Simonson's investigation was inadequate and that his testimony regarding intent is speculative and flawed.

The district court denied Bakdash's postconviction petition without holding an evidentiary hearing. It found that Bakdash's claim of newly discovered evidence is insufficient to warrant an evidentiary hearing, that Bakdash received effective representation at both the trial and appellate levels, and that the jury's verdicts are legally consistent. The district court also found that each of Bakdash's claims for relief is procedurally barred under *Knaffla* and that Bakdash failed to show that an exception to *Knaffla* applies. This appeal follows.

3

**D E C I S I O N**

Bakdash argues that the district court erred by denying his postconviction petition. We review the denial of a postconviction petition, "including the denial of relief without an evidentiary hearing, for an abuse of discretion." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013). The district court abuses its discretion if its decision is based on an erroneous view of the law or clearly erroneous factual findings. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). We review legal issues de novo but will review factual issues by considering "whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Vance v. State*, 752 N.W.2d 509, 512 (Minn. 2008).

## I. The *Knaffla* Rule

Bakdash's direct appeal pertained to issues regarding the doctrine of transferred intent and disclosure of the entire grand jury transcript. He now seeks postconviction relief on the grounds of newly discovered evidence, inconsistent jury verdicts, and ineffective assistance of trial and appellate counsel. "Once a direct appeal has been taken, all claims raised in that appeal, all claims known at the time of that appeal, and all claims that should have been known at the time of that appeal will not be considered in a subsequent petition for postconviction relief." *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007) (citing *Black v. State*, 560 N.W.2d 83, 85 (Minn. 1997); *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741). There are two exceptions to this *Knaffla* rule: "(1) if a novel legal issue is presented, or (2) if the interests of justice require review." *White v. State*, 711 N.W.2d 106, 109 (Minn. 2006). Because Bakdash raises claims that are different from those that he raised on direct

appeal, we must first decide whether he knew or should have known of these claims at the time of his direct appeal or whether any of the claims fall under an exception.

Bakdash does not contend that either of the two *Knaffla* exceptions applies to his claims. Rather, he argues that his entire petition is not procedurally barred because his ineffective-assistance-of-appellate-counsel claim is, under these circumstances, an exception to the *Knaffla* rule. A claim of ineffective assistance of appellate counsel is not barred by the *Knaffla* rule if it is raised in the petitioner's first postconviction petition. *Arredondo v. State*, 754 N.W.2d 566, 571 (Minn. 2008). But that does not mean that all of Bakdash's postconviction claims survive the *Knaffla* bar. *See id.* A legally inconsistent verdict would have been evident from the trial record; therefore, Bakdash either knew or should have known of this issue at the time of his direct appeal. *See id.* at 570-71. His claims of newly discovered evidence and ineffective assistance of trial counsel are also *Knaffla*-barred. *See Gustafson v. State*, 754 N.W.2d 343, 348 (Minn. 2008) (noting that a postconviction claim based on newly discovered evidence is barred if the evidence was available at the time of the direct appeal); *White*, 711 N.W.2d at 110 (stating that an ineffective-assistance-of-trial-counsel claim is generally *Knaffla*-barred if it can be decided on the basis of the trial record and the briefs). Nonetheless, because this is Bakdash's first postconviction appeal, we will address the merits of his ineffective-assistance-of-appellate-counsel claim.

To succeed on an ineffective-assistance-of-appellate-counsel claim, Bakdash must demonstrate that his appellate counsel's representation "'fell below an objective standard of reasonableness'" and that "'there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.'" *Fields v. State*, 733 N.W.2d 465, 468 (Minn. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2065, 2068 (1984)). A strong presumption exists that an attorney's performance "falls within the wide range of reasonable professional assistance." *State v. Jones*, 392 N.W.2d 224, 236 (Minn. 1986). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quotation omitted). Because Bakdash's claim is based in part on appellate counsel's failure to raise his other postconviction claims on direct appeal, we will consider the merits[1] of his postconviction claims. *See Reed v. State*, 793 N.W.2d 725, 732-33 (Minn. 2010) (concluding that because the petitioner's ineffective-assistance-of-appellate-counsel claim is partially based on appellate counsel's failure to raise another claim on direct appeal, the merits of both claims must be addressed).

## II. Evidentiary Hearing

In this case, the district court denied Bakdash's postconviction petition without holding an evidentiary hearing. Bakdash claims that he is entitled to an evidentiary hearing on the grounds of newly discovered evidence and ineffective assistance of trial counsel. Both of these claims are tied to his argument that trial counsel failed to retain an accident-reconstruction expert in order to testify in rebuttal to Sgt. Simonson's testimony. The

---

[1] Bakdash briefly mentions that his appellate counsel should have raised a sufficiency-of-the-evidence claim because the issue of intent is often based on circumstantial evidence. But as the state points out, Bakdash makes no reference to the record or any relevant authority to support this assertion. The district court did not consider this argument, and we will not address it. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

postconviction court must hold an evidentiary hearing if there are disputed material facts that need to be resolved to determine the merits of a petitioner's postconviction claims. *Vance*, 752 N.W.2d at 512-13. We resolve any doubts about whether an evidentiary hearing is required in favor of the petitioner. *Nicks*, 831 N.W.2d at 504. But no hearing is required if the petition and record demonstrate that the petitioner is not entitled to relief. *Vance*, 752 N.W.2d at 513.

## A. Newly Discovered Evidence

A defendant is entitled to an evidentiary hearing on a newly-discovered-evidence claim if he alleges facts that, if proved by a preponderance of the evidence, would satisfy the *Rainer* test. *Nissalke v. State*, 861 N.W.2d 88, 91 (Minn. 2015). The *Rainer* test establishes that a new trial based on newly discovered evidence may be granted if the defendant proves

> (1) that the evidence was not known to the defendant or his/her counsel at the time of the trial; (2) that the evidence could not have been discovered through due diligence before trial; (3) that the evidence is not cumulative, impeaching, or doubtful; and (4) that the evidence would probably produce an acquittal or a more favorable result.

*Rainer v. State*, 566 N.W.2d 692, 695 (Minn. 1997). "Generally expert testimony does not constitute newly discovered evidence justifying a new trial." *State v. Blasus*, 445 N.W.2d 535, 543 (Minn. 1989).

Bakdash asserts that Lofgren's testimony would directly contradict Sgt. Simonson's testimony and put in question the issue of his intent. His argument, however, fails to satisfy the second and third prongs of the *Rainer* test. Bakdash does not provide any evidence

7

showing that he could not have retained Lofgren through due diligence before trial. To the contrary, Bakdash agrees that trial counsel could have hired an accident-reconstruction expert. Bakdash, in his appellate brief, alleges that it was critical to have an expert rebut Sgt. Simonson and that Lofgren's testimony would be in "direct contradiction" to Sgt. Simonson's testimony. In his affidavit, Lofgren repeatedly alleges that Sgt. Simonson's conclusions are either speculative or flawed.

Bakdash also fails to demonstrate how Lofgren's testimony would lead to an acquittal or more favorable result because it is unlikely that Lofgren's testimony would call into question Bakdash's intent. Although Sgt. Simonson did not prepare an accident-reconstruction report, he did investigate the scene. He opined that the lack of skid marks or other damage near the scene suggested an intentional act rather than an unintentional incident, like drunk driving. Bakdash argues that Sgt. Simonson's testimony was critical because its sole purpose was to show that Bakdash intended to hit and kill the three victims in this case. But Sgt. Simonson never testified that he thought Bakdash intended to kill the victims, and his opinion that Bakdash may have been able to drive competently does not mean that Bakdash must have had an intent to kill.

The state presented other evidence from which the jury could infer intent. Bakdash's friend, M.D., was in the car with Bakdash when Bakdash drove onto the sidewalk and hit K.H., S.B. and B.V.H. M.D. testified that he asked Bakdash why he had hit the victims and that Bakdash responded, "They deserved it." Because Lofgren's testimony would be unlikely to produce a more favorable result for Bakdash, the district

8

court did not err by determining that Bakdash's claim of newly discovered evidence fails the *Rainer* test.

**B.      Ineffective Assistance of Trial Counsel**

Bakdash argues that the lack of an accident-reconstruction expert to counter Sgt. Simonson's testimony at trial demonstrates that he was deprived of effective trial counsel.  He claims that "any seasoned defense attorney would have recognized that it was critical to attempt to rebut" Sgt. Simonson's testimony.  The same two-prong test used to evaluate an ineffective-assistance-of-appellate-counsel claim is applied to a claim that trial counsel provided inadequate representation.  *Carney v. State*, 692 N.W.2d 888, 892 (Minn. 2005).  Bakdash's attorney's decision not to retain an accident-reconstruction expert falls within the range of trial strategy, and this court gives particular deference to counsel's tactical decisions regarding trial.  *State v. Lahue*, 585 N.W.2d 785, 789 (Minn. 1998); *see also Jones*, 392 N.W.2d at 236 ("Which witnesses to call at trial and what information to present to the jury are questions that lie within the proper discretion of the trial counsel.").  The record indicates that Bakdash's trial counsel focused the defense on the theory that Bakdash did not have the requisite intent to commit the crimes and on opposing the jury instruction regarding transferred intent, rather than rebutting Sgt. Simonson's testimony.  And Bakdash's trial counsel was able to assist him in getting an acquittal of the most serious charges, including first-degree murder and attempted first-degree murder.  There is no evidence to support Bakdash's claim that his trial counsel's representation fell below the standard of reasonableness or that his counsel committed such unreasonable errors that

the result of the trial would have been different. Because Bakdash would not be entitled to relief on this claim, no hearing was required.

### III. Consistency of the Verdicts

Bakdash argues that the district court erred by determining that the jury's guilty verdict of second-degree murder is consistent with its guilty verdict of criminal vehicular homicide. Whether verdicts are legally inconsistent presents a question of law that we review de novo. *State v. Blom*, 682 N.W.2d 578, 624 (Minn. 2004). "Verdicts are legally inconsistent when proof of the elements of one offense negates a necessary element of another offense." *State v. Cole*, 542 N.W.2d 43, 50 (Minn. 1996). "Reversal is warranted if a jury renders legally inconsistent verdicts." *Arredondo*, 754 N.W.2d at 571.

A person is guilty of second-degree intentional murder if he "causes the death of a human being with intent to effect the death of that person or another, but without premeditation." Minn. Stat. § 609.19, subd. 1(1) (2010). The element of intent may be satisfied if the person "believes that the act, if successful, will cause that result." Minn. Stat. § 609.02, subd. 9(4) (2010). A person commits criminal vehicular homicide when he causes the death of another human as a result of operating a motor vehicle in a grossly negligent manner or in a negligent manner while under the influence of alcohol. Minn. Stat. § 609.21, subd. 1(1)-(2)(i) (2010). The district court instructed the jury to decide whether Bakdash operated a motor vehicle in a negligent manner while under the influence of alcohol. Negligent manner means "without using ordinary or reasonable care." 10 *Minnesota Practice*, CRIMJIG 11.62 (2015). Though the intent to kill is not a required element of criminal vehicular homicide, the lack of such intent is not an element of the

10

offense either. *See* Minn. Stat. § 609.21, subd. 1. Therefore, proof of the intent element required for second-degree intentional murder does not negate any of the necessary elements for a criminal vehicular-homicide charge. *See Cole*, 542 N.W.2d at 51 (holding that a verdict of second-degree felony murder does not negate any of the necessary elements required for a verdict of first-degree intentional murder because the lack of intent is not an element of second-degree felony murder).

Bakdash's argument relies on *State v. Moore*, a case in which the Minnesota Supreme Court held that a guilty verdict of first-degree, premeditated murder was logically incompatible with a guilty verdict of first-degree manslaughter because it could not reconcile a jury's finding that the defendant killed his wife with premeditation and intent while also causing her death due to his negligent or reckless conduct. 458 N.W.2d 90, 94 (Minn. 1990). The *Moore* court noted that "one cannot premeditate and intend to be culpably negligent in causing the death of another." *Id.* But the *Moore* rationale does not extend to this case because second-degree murder does not require premeditation. *See State v. Barsness*, 473 N.W.2d 325, 327-28 (Minn. App. 1991) (stating that intentional murder is much broader than premeditated murder because it does not require purpose or design but can be committed if the defendant believes that his actions would result in death), *review denied* (Minn. Aug. 29, 1991).

The element of intent is not inherently inconsistent with the element of culpable negligence because each state of mind falls short of certainty. *See id.* at 328 ("The risk created by culpably negligent conduct remains a 'risk,' not a certainty, of causing death, just as a 'belief' that death will result falls short of absolute certainty."). The fact that

Bakdash's actions, which lacked reasonable or ordinary care, created a risk of death does not negate the fact that he believed his actions would lead to a person's death. Bakdash's negligent driving conduct does not necessarily "preclude the possibility that a higher level of intent may be present." *State v. Bradford*, 618 N.W.2d 782, 800 (Minn. 2000). For these reasons, we conclude that the district court did not err by ruling that the verdicts of second-degree intentional murder and criminal vehicular homicide are consistent.

## IV. Ineffective Assistance of Appellate Counsel

As stated above, Bakdash's ineffective-assistance-of-appellate-counsel claim, which is not *Knaffla*-barred, depends on whether he can prove that his appellate counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result of the proceeding would likely have been different. *Fields*, 733 N.W.2d at 468. Here, a reasonable attorney could have legitimately decided that Bakdash's postconviction claims, including newly discovered evidence, ineffective assistance of trial counsel, and legally inconsistent verdicts, were unlikely to prevail if raised on direct appeal. His appellate counsel therefore did not provide ineffective representation by choosing not to pursue these claims. *See Hummel v. State*, 617 N.W.2d 561, 566 (Minn. 2000) ("[A]ppellate counsel has no duty to raise all possible issues on appeal, but may exclude those that detract from more meritorious issues."). The district court did not err by deciding that Bakdash's ineffective-assistance-of-appellate-counsel claim was meritless. We therefore conclude that the district court did not abuse its discretion by denying Bakdash's postconviction petition.

**Affirmed.**

12